UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERMAN WAGNER,                                  Case No. 13-15075

                Plaintiff,                    Arthur J. Tarnow
v.                                               United States District Judge

MATTHEW RANDALL and                              Michael Hluchaniuk
ROBIN HOWARD,                                    United States Magistrate Judge

                Defendants.
_____/

**REPORT AND RECOMMENDATION**
**MDOC DEFENDANTS RANDALL AND HOWARD'S**
**MOTION FOR SUMMARY JUDGMENT (Dkt. 10)**

## I.   PROCEDURAL HISTORY

Plaintiff Sherman Wagner filed this prisoner civil rights action *pro se* on December 13, 2013.  (Dkt. 1).  On March 24, 2014, District Judge Arthur J. Tarnow referred this matter to the undersigned for all pretrial proceedings.  (Dkt. 12).  On February 24, 2014, defendants Matthew Randall and Robin Howard filed a motion for summary judgment.  (Dkt. 10).  Plaintiff filed a response to this motion on March 19, 2014.  (Dkt. 11).  This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion for summary judgment be **GRANTED** and that plaintiff's

1

First Amendment retaliation claims against defendants Howard and Randall should be **DISMISSED with prejudice**.

## II.    FACTUAL BACKGROUND

Plaintiff brings this complaint under 42 U.S.C. § 1983, alleging that defendants Randall and Howard violated his rights under the First Amendment to petition the government for redress of grievances, and that defendant Randall violated plaintiff's rights to substantive due process.  (Dkt. 1).  Plaintiff avers that he was incarcerated at the Gus Harrison Correctional Facility (ARF) during the events alleged in his complaint.  (Dkt. 1,¶ 6).  According to plaintiff's complaint, on October 9, 2012, defendant Randall, an Acting/Assistant Resident Unit Supervisor, approached plaintiff and stated that he had been notified of the plaintiff's grievance regarding a Notice of Intent (NOI) issued by defendant Howard, a sergeant, with Randall serving as the Hearing Officer (Grievance ARF-2012-10-3146-07), and stated to plaintiff: "Since you like to file grievances, me and Sgt. Howard are going to tag team you're a--, and make your life an *[sic]* living hell.  You shoulda *[sic]* took it like a man."  (Dkt. 1, ¶ 9).  Plaintiff alleges that, approximately two weeks later, defendant Howard retaliated against plaintiff and issued a false NOI stating that plaintiff made three fifteen minute phone calls discussing the operation of businesses, in violation of prison policy which prohibits using the telephone to conduct a business enterprise.  The NOI requested

2

that plaintiff be placed on a one-year telephone restriction.  (Dkt. 1, ¶¶ 11-12, & Ex. A).  Plaintiff asserts that defendant Randall conducted the hearing on the NOI on October 24, 2012, and retaliated against plaintiff by refusing to conduct any investigation and placing plaintiff on a one year phone restriction, from October 22, 2012 to October 22, 2013.  (Dkt. 1, ¶ 13).  Plaintiff asserts that he filed a grievance on this issue (Grievance ARF-2012-10-3458-07A), and also filed numerous letters and complaints with ARF administrators regarding the phone restrictions.  (Dkt. 1, ¶¶ 16, 17).

Plaintiff alleges that he was summoned to the control center by Howard on December 23, 2012, and that Howard said she would issue more NOIs if plaintiff did not stop filing complaints seeking investigations into the phone restrictions. (Dkt. 1, ¶ 18).  Plaintiff avers that he immediately filed a grievance on this incident (Grievance ARF-13-01-0021017a), and that Howard retaliated against him eight days later by falsifying another NOI alleging that on January 31, 2013, plaintiff received money from a person who is the sister of another prisoner (Prisoner Lewis 460283), in violation of a prison rule prohibiting the receipt of funds from a family member of another prisoner or funds sent under a fictitious name in an attempt to mislead the facility on who was sending the money.  (Dkt. 1, ¶¶ 19-21 & Ex. E).  Plaintiff states that no investigation was conducted but the money was ordered to be removed from plaintiff's account.  (Dkt. 1, ¶ 23).

3

Plaintiff asserts a cause of action against Randall for violation of his First Amendment right to petition the government for redress of grievances based on Randall's refusal to conduct any investigation into the October 22, 2102 NOI in retaliation for plaintiff's filing of a grievance, and his imposition of a one year telephone restriction for the NOI.  (Dkt. 1, ¶¶ 24-25).  Plaintiff also asserts a cause of action against Randall for violation of his substantive due process rights when he served as the hearing officer on the October 22, 2012 NOI, but failed to review the transcripts of the phone conversations to verify the validity of the claims, ultimately imposing the "conscience shocking" one-year phone restriction without conducting any investigation.  (Dkt. 1, ¶¶ 26-27).  Plaintiff also asserts a state law claim against Randall for violation of his rights under the Michigan Constitution for "fair and just treatment in the course of investigation."  (Dkt. 1, ¶¶ 32-39).

Plaintiff asserts a cause of action against Howard for violation of his First Amendment right to petition the government for redress of grievances when she issued a false NOI on October 22, 2012 averring that plaintiff made three fifteen minute phone calls to conduct business.  (Dkt. 1, ¶ 29).  Plaintiff alleges that Howard further violated his First Amendment rights when she called plaintiff to the control center on December 23, 2012 and told him that if he did not stop seeking investigation into the phone restriction that she would issue more NOIs, and then subsequently issued another NOI on February 13, 2012 averring that

4

plaintiff received funds from a fictitious person.  (*Id.*).  Plaintiff alleges that

neither Randall nor Howard are entitled to qualified immunity.  (Dkt. 1, ¶¶ 28, 31).

## III.    ANALYSIS AND CONCLUSIONS

### A.    Standard of Review

Summary judgment is appropriately rendered "if the pleadings, depositions,

answers to interrogatories and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and the moving

party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Redding*

*v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001). The standard for determining

whether summary judgment is appropriate is "whether the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-

sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co.*

*v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  Furthermore, the evidence and all

reasonable inferences must be construed in the light most favorable to the non-

moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S.

574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact,

the burden of demonstrating the existence of such an issue shifts to the non-

moving party to come forward with "specific facts showing that there is a genuine

5

issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'"  *Brown v. Scott*, 329 F. Supp.2d 905, 910 (E.D. Mich. 2004).  In order to fulfill this burden, the non-moving party need only demonstrate the minimal standard that a jury could ostensibly find in his favor. *Anderson*, 477 U.S. at 248; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  However, mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party.  *Anderson*, 477 U.S. at 248, 251.

### B.    First Amendment/Retaliation Claims

Plaintiff alleges that defendants Randall and Howard retaliated against him in violation of his First Amendment right to file grievances by issuing a false NOI resulting in a one-year phone restriction.  Plaintiff further alleges that defendant Howard issued a false NOI regarding money plaintiff received, in retaliation for plaintiff's filing of grievances.

Defendants contend in their motion for summary judgment that Randall never threatened to retaliate against plaintiff for filing a grievance, but that Randall held the Administrative Hearing for the NOI that Sergeant Howard wrote,

in which Randall determined, based on his investigation and Sergeant Howard's statement, that plaintiff was running a business via telephone, which is against the prison rules. Randall asserts that plaintiff, who has an alias of Juanico or "Nico" for short, received a business card from Nakia Christa that said "Cat and Kitty Professional, matchmaking site" Owners Nico & Nakia, and that Sergeant Howard testified that, based on plaintiff's phone conversations, plaintiff wanted to start up an internet dating site. Randall determined at the hearing that there was sufficient evidence of plaintiff using the phone to conduct a business enterprise, which made him in direct violation of the "Prisoner Telephone Use," Policy Directive 05.03.130, ¶ HH, § 5, and Randall asserts that he took the actions he did solely because plaintiff violated this policy, not because he wrote grievances or engaged in any other protected conduct. (Dkt. 10, 10-2).

Defendant Howard argues that on October 22, 2012, she requested that plaintiff be placed on a one year phone restriction based on his violations of the telephone policy. Howard contends that after this restriction was approved and served on plaintiff, plaintiff continued to use the phone and call Nakia using other prisoners' pin numbers while he was housed at ARF and after his transfer to Kinross Correctional Facility (KCF). Howard further asserts that plaintiff continued to use the phone to call his wife, with whom he also was conducting a business called Raffle Store. Howard further argues that plaintiff was receiving

7

money from Nakia, who is the sister of prisoner Lewis 460283, which is against prison policy due to Nakia's relationship to another prisoner.  Howard also contends that plaintiff was called to the control center after Howard received a kite from plaintiff, and that Howard explained to plaintiff that NOIs were issued and that plaintiff would have a hearing on these matters.  Howard argues that she did not retaliate against plaintiff and that she would have taken the same actions regardless of whether plaintiff had filed grievances or engaged in other protected conduct.  (Dkt. 10, 10-3).

Defendants Randall and Howard argue that plaintiff's First Amendment retaliation claims fail because he was not engaged in protected conduct, but was instead attempting to conduct a business enterprise using the phone and he received money in a manner that violated prison rules.  Defendants assert that "if a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one."  *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999).  Defendants further assert that plaintiff has failed to establish causation because there is no evidence that defendants were motivated–even in part–by plaintiff's protected conduct.  Rather, defendants assert that their actions were in direct response to plaintiff's rule violations.

Plaintiff responds that he engaged in protected conduct when he wrote kites to Sergeant Howard and others and subsequently filed grievances, and that

8

defendants cannot show that they would have taken the same actions absent plaintiff's exercise of his protected rights.  Plaintiff contends that Randall violated Administrative Rule 791.3315 because he failed to include evidentiary findings in his October 24, 2012 report, and further contends that there is a lack of material evidence to support the misconduct charge because plaintiff did not own or operate any business with any party and thus did not violate any MDOC policy. Plaintiff argues that because there is no substantiated violation of MDOC policy to justify the misconduct charge and disciplinary actions, the only conclusion is that the false charges are proof of retaliation in violation of the First Amendment. (Dkt. 11).  Plaintiff contends that "[i]t is the filing of the 'false' disciplinary charges that constitute the adverse action" in support of his retaliation claims. (Dkt. 11, Pg ID 127).

### 1.    Legal Standards

A prisoner retains First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. *See Pell v. Procunier*, 417 U.S. 817, 822 (1974).  Retaliation based on a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  To establish a First Amendment retaliation claim, the plaintiff must prove that: (1) the plaintiff engaged in activities protected by the Constitution or statute; (2) the defendant

took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that this adverse action was "motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." *Id*. at 386, 394. If the plaintiff is able to make such a showing, the defendant then has the burden of showing that the same action would have been taken even absent the plaintiff's protected conduct. *Id.* at 399.

With regard to the timing of the allegedly adverse actions, mere temporal proximity is insufficient to establish a retaliatory motive. *See Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001) (while temporal proximity between inmate's grievances and decision to transfer him provided some circumstantial support for a causal connection, this evidence alone was not sufficient to meet inmate's burden showing that the filing of grievances was a substantial or motivating factor for his transfer). Conclusory allegations, moreover, are insufficient to show that a defendant was motivated by the exercise of a plaintiff's First Amendment rights. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). And, bare allegations by the plaintiff of malice on the part of a defendant are not enough to establish retaliation claims. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). The plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

10

### 2. Analysis

Plaintiff alleges that defendant Howard wrote false NOIs on him on October 22, 2012 and February 13, 2013 in retaliation for his filing of grievances and writing letters and complaints, and that defendant Randall threatened to retaliate against plaintiff for filing a grievance and then followed through with that threat and refused to conduct any investigation into the NOI issued by Howard on October 22, 2012. (Dkt. 1, ¶¶ 24-25, 29). The undersigned agrees with plaintiff that the filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). Accordingly, plaintiff has satisfied the first element of his First Amendment retaliation claims.

However, the undersigned suggests that plaintiff has failed to establish a causal connection between the adverse action (which plaintiff states is the filing of the "false" disciplinary charges) and protected conduct and defendants have shown that the same action would have been taken even absent plaintiff's protected conduct. It is well-settled that a finding of guilt for a misconduct ticket based on some evidence of a violation of prison rules essentially "checkmates" a retaliation claim. *Jackson v. Madery*, 158 Fed. Appx. 656, 662 (6th Cir. 2006); *see also Lewis v. Turner*, 16 Fed. Appx. 302, 304 (6th Cir. 2001); *Jones v. Carr*, 2014 WL 31791, at *4 (W.D. Mich. Jan. 6, 2014) ("a prisoner's claim that he was

falsely accused of a major misconduct is barred where there has been a finding of guilt.") (citing *Peterson v. Johnson*, 714 F.3d 905, 917 (6th Cir. 2013)).[1]  As noted by this Court, the Sixth Circuit's application of this rule has been "unwavering." *Jones v. Barnett*, 2007 WL 522705, at *9 (E.D. Mich. Feb. 14, 2007) (collecting cases); *see also Jefferson v. Tollefson*, 2014 WL 1213772, at *5 (W.D. Mich. Mar. 24, 2014) ("Plaintiff was found guilty of the misconduct ticket written by Defendant Tollefson.  Therefore, Plaintiff's claim against Defendant Tollefson regarding the allegedly false retaliatory misconduct ticket is properly dismissed."); *Fields v. Gerth*, 2013 WL 6384592, at *5 (W.D. Mich. Dec. 6, 2013) ("Because Hearing Officer Maki found Plaintiff guilty of disobeying a direct order, Plaintiff's retaliation claim was 'checkmated.'"); *Ragland v. City of St. Louis, MI*, 2012 WL 511827, at *10 (E.D. Mich. Jan. 9, 2012) ("Assuming Corrin threatened to 'get' Plaintiff . . . '[a] finding of guilt [in the misconduct charge] based upon some evidence of a violation of prison rules essentially checkmates [a] retaliation claim'" and "[s]ince there was some evidence to support Corrin's issuance of a

---

[1]An NOI is "an alternative to a misconduct ticket but similarly requires a hearing."  *See King v. Zamiara*, 680 F.3d 686, 689 (6th Cir. 2012), *cert. denied*, 133 S. Ct. 985 (2013).  Here, the NOIs were issued to plaintiff based on charges that plaintiff violated prison rules, plaintiff was afforded a hearing where evidence was presented, and the hearing officer rendered findings and imposed discipline, similar to proceedings on a misconduct ticket.  Accordingly, the undersigned concludes that the same principles identified in the case law above regarding misconduct tickets apply to the NOIs issued here, and that findings at the Administrative Hearings that plaintiff violated the prison rules "checkmates" his retaliation claims based on "false" NOIs.

misconduct charge, Plaintiff's claim for retaliation against Corrin must be
dismissed.") (internal citations and quotation marks omitted), *adopted by* 2012
WL 511801 (E.D. Mich. Feb. 16, 2012).  According to the Administrative Hearing
Reports in this case, plaintiff was found guilty of all charges alleged in the
October 22, 2012 and February 13, 2013 NOIs.  (Dkt. 10-2, 10-3).  "Because
[p]laintiff's retaliation claim[s] depend[] on his claim[s] that the allegation[s] of
the [NOIs] were false, his claims are precluded by the prior findings of guilt."
*Baker v. Michigan Dep't of Corrs.*, 2013 WL 2318900, at *11 (W.D. Mich. May
28, 2013, citing *Peterson*).  Based on these findings of guilt, plaintiff's First
Amendment retaliation claims as to the allegedly retaliatory NOI's are
"checkmated" and summary judgment should be granted in defendants' favor on
these claims.

This conclusion makes it unnecessary to address defendants' qualified
immunity argument.  *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) (in conducting
a qualified immunity analysis, the court considers whether, "[t]aken in the light
most favorable to the party asserting the injury, do the facts alleged show the
officer's conduct violated a constitutional right?", and only if this question is
answered in the affirmative does the court proceed to consider whether the right
was clearly established).  The undersigned further notes that defendants failed to
move for summary judgment on plaintiff's substantive due process claim against

Randall, and concludes that it would be improper to grant summary judgment on a ground not raised in the motion.[2]  Therefore that claim and the pendant state law claim remain.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** defendants' motion for summary judgment should be **GRANTED** and that plaintiff's First Amendment retaliation claims against defendants Howard and Randall should be dismissed with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

---

[2] The undersigned notes that plaintiff alleges that defendant Randall violated his rights while acting as a hearing officer and adjudicating plaintiff's NOI on October 24, 2012.  (Dkt. 1). The Sixth Circuit has recognized that a Michigan hearings officer has adjudicatory functions spelled out by statute in the nature of an administrative law judge, and is entitled to absolute judicial immunity in relations to actions within the hearing officer's authority.  *See Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir. 1988); MCL §§ 791.251-255.  Under the statute, professional hearing officers are required to be attorneys and are under the direction and supervision of a special hearing division in the Michigan Department of Corrections.  *See* MCL § 791.251(6).  Their adjudicatory functions are set out in the statute, and their decisions must be in writing and must include findings of fact and, where appropriate, the sanction imposed.  *See* MCL § 791.252(k).  It is not clear on the record at this time whether Randall is a professional hearing examiner for the MDOC as defined in the statute, and thus whether Randall may be entitled to absolute immunity in this case.

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 7, 2014                    s/Michael Hluchaniuk
                                        Michael Hluchaniuk
                                        United States Magistrate Judge

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on August 7, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Kevin R. Himebaugh</u>, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): <u>Sherman Wagner, #228509, Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446</u>.

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov
