UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERMAN WAGNER,

Plaintiff,                                            Case No.  13-15075

v.                                          SENIOR UNITED STATES DISTRICT
                                                  JUDGE ARTHUR J. TARNOW

MATTHEW RANDALL and ROBIN
        HOWARD,                                 MAGISTRATE JUDGE MICHAEL J.
                                                         HLUCHANIUK
Defendants.

_____/


ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION
[14] AND GRANTING IN PART DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT [10]


On August 7, 2014, the Magistrate Judge issued a Report and Recommendation

(R&R) [14] recommending that the Court grant Defendants' Motion for Summary

Judgment [10] on Plaintiff's First Amendment retaliation claim.  Plaintiff filed

Objections [15] to the R&R on August 20, 2014, and Defendant Randall filed

Objections [17] to the R&R the following day.

For the reasons stated below, the Court declines to adopt the R&R [14].

Defendants' Motion for Summary Judgment [10] is **DENIED** as to Plaintiff's First

Amendment Retaliation claim and state law claim. The motion is **GRANTED** as to Plaintiff's federal due process claim.

## I. Factual Background

The Court adopts the factual background as set out in the R&R [14] in full, with the following additions:

Plaintiff alleges that when he confronted Defendant Randall concerning Plaintiff's conviction, by Randall, for conducting business by telephone, Randall replied, "I told you [Defendant Howard and I] were going to tag team your ass." Plaintiff further alleges that after he sent complaints about Howard to the warden, Howard confronted him over the complaints and threatened to have him sent to "polar bear country" if he wrote one more complaint about her. Plaintiff filed a grievance about Howard that same day, alleging that Howard had threatened him with retaliation and expressing Plaintiff's fear that her next action would be to cause him to be transferred to a distant facility. Roughly two months later, Plaintiff was transferred to a correctional facility in Michigan's upper peninsula. Plaintiff claims he has received no visitors since his transfer, and that the difficulty of visitation contributed to the breakdown of his relationship with his girlfriend.

## II. Legal Standard

The Court reviews objections to an R&R on a dispositive motion *de novo*. 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole

or in part, the findings or recommendations made by the magistrate judge." *Id.* Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must construe the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine issue for trial exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### III. Analysis

Plaintiff, a prisoner proceeding pro se, alleges that Defendants, officers of the Michigan Department of Corrections, violated Plaintiff's First Amendment rights by retaliating against him for lodging complaints. Plaintiff also brings claims against Defendant Randall under the federal Due Process Clause and the Michigan Constitution, alleging that Randall's conduct when administering a hearing on

Plaintiff's disciplinary charges violated Plaintiff's rights.  Defendants have moved for summary judgment on all of Plaintiff's claims.   The Court will address the conclusions of the R&R [14], as well as the parties' objections to the R&R, on each claim in turn.

## A.      Plaintiff's First Amendment Retaliation Claim

A First Amendment retaliation claim entails three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) . . . the adverse action was motivated at least in part by the plaintiff's conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  In their Motion for Summary Judgment [10], Defendants argue that Plaintiff's conduct was not protected and, in the alternative, that Plaintiff has failed to raise a genuine issue of material fact regarding whether Defendants' adverse actions against Plaintiff were motivated by Plaintiff's protected conduct.   They also argue that Defendants are entitled to qualified immunity.

The R&R [14] concluded that Plaintiff engaged in protected conduct when he filed grievances and wrote other complaints.   However, the R&R agreed with Defendants that Plaintiff has failed to raise a genuine issue of material fact on the issue of causation.   It thus recommended that the Court grant summary judgment on the retaliation claim.  Because its conclusion on the causation issue is dispositive, the

R&R declined to address the issue of qualified immunity.

The Court agrees that Plaintiff engaged in protected conduct when he filed grievances and wrote other complaints against prison officials. *See Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996). However, the Court disagrees with the R&R on the causation issue. The Court holds that Plaintiff has raised a genuine issue of material fact regarding whether Defendants took adverse action against Plaintiff because of his protected conduct. The Court further concludes that Defendants are not entitled to qualified immunity on the retaliation claim. Therefore, the Court holds that Defendants are not entitled to summary judgment on Plaintiff's retaliation claim.

### 1.    The "Checkmate" Doctrine

The R&R asserted that "[i]t is well-settled that a finding of guilt for a misconduct ticket based on some evidence of a violation of prison rules essentially 'checkmates' a retaliation claim." The R&R cited a string of unpublished opinions to support this claim, and proceeded to conclude that the principles identified in these cases apply to the notices of intent (NOIs) issued in this case, since NOIs and misconduct tickets similarly require hearings. In his Objections [15], Plaintiff argues that the case law is distinguishable because NOI hearings differ greatly from major misconduct hearings and because the manner in which Defendant Randall conducted the hearing is itself one basis for Plaintiff's retaliation claim.

The Court declines to apply this "checkmate" doctrine on the current record. Given that the Court remains unaware of any *published* Sixth Circuit opinion applying the doctrine, it does not appear to be "settled" so firmly. In addition, several cases illustrate that the doctrine is not absolute. *See Thomas v. Eby*, 481 F.3d 434, 442 (6th Cir. 2007) (refusing to dismiss retaliation claim despite plaintiff's conviction for misconduct because plaintiff "could [nevertheless] establish multiple sets of facts" to prove his grievance was motivating factor behind conviction); *Moore v. Plaster*, 266 F.3d 928, 931-33 (8th Cir. 2001) (denying summary judgment on retaliation claim because record did not show disciplinary findings were supported by "some evidence"); *Bond v. Horne*, 553 Fed. Appx. 219, 223-24 (3d Cir. Jan. 27, 2014) (unpublished) (finding misconduct conviction insufficient to justify dismissal of retaliation claim because plaintiff had no opportunity to appeal conviction beyond first level of administrative review); *Gordon v. Benson*, No. 1:12-cv-295, 2014 WL 90433 (W.D. Mich Mar. 7, 2014) (unpublished) (reiterating reasoning from court's prior order that misconduct conviction did not checkmate conspiracy-to-retaliate claim because plaintiff alleged he had no opportunity to defend himself).

The principles of the doctrine are thus not sufficiently clear to give the Court confidence in the R&R's conclusion regarding their applicability to the facts of this case. This is particularly true given that Defendants advance no argument for the application of the doctrine in their brief, depriving the Court of the benefit of the

parties' development of the facts relevant to the issue.  Finally, the Court is concerned

that uncritical application of the doctrine may encourage violations of prisoners' First

Amendment rights.  *See Woods v. Smith*, 60 F.3d 1161, 1164-65 (5th Cir. 1995)

(warning that to allow retaliatory discipline claims only where prison disciplinary

proceedings terminated in plaintiff's favor "would unfairly tempt corrections officers

to enrobe themselves and their colleagues in what would be an absolute shield against

retaliation claims").  The Court thus declines to adopt the R&R's recommendation that

the Court apply the "checkmate" doctrine to Plaintiff's retaliation claim.

### 2.    Plaintiff's Evidence of Retaliatory Motive

When a plaintiff produces evidence that her protected conduct was a motivating

factor in a defendant's adverse action against her, the burden shifts to the defendant

to show that she would have taken the same action in the absence of plaintiff's

protected conduct.  *See Thaddeus-X*, 175 F.3d at 399.  Defendants argue that Plaintiff

has failed to raise a genuine issue of material fact because "there is no evidence that

Defendants were motivated—even in part—by Plaintiff's protected conduct" when

they took adverse action against Plaintiff.

Defendants are wrong; Plaintiff has provided evidence of retaliatory motive.

In an affidavit, Plaintiff claims that roughly one week after he filed a grievance

against Defendant Randall, Randall confronted Plaintiff and told him that because

he liked to file "bullshit grievances," Randall and Defendant Howard would "tag team [Plaintiff's] ass and make [his] life a living hell."  Two weeks after Randall allegedly made this threat, Howard issued an NOI alleging that Plaintiff had conducted business by telephone, in violation of prison policy.  Plaintiff claims this NOI was falsified and retaliatory.  Plaintiff supports this claim by pointing out that Howard issued another NOI the next day, accusing Plaintiff of misconduct for which he was ultimately acquitted.  Plaintiff further contends that Randall convicted Plaintiff on the charges of conducting business by telephone for retaliatory reasons, supporting this claim by asserting that when he confronted Randall about the conviction, Randall replied, "I told you we were going to tag team your ass."

Additional evidence supports Plaintiff's claim that Howard later orchestrated his retaliatory transfer to a distant facility.[1]  Plaintiff claims in his affidavit that after he sent complaints about Howard to the warden, Howard confronted him over the complaints and threatened to have him sent to "polar bear country" if he wrote one more complaint about her.  Plaintiff filed a grievance about Howard that same day. The grievance is attached as an exhibit to Plaintiff's brief [11], and though it does not

---

[1] The R&R [14] did not address Plaintiff's claim of retaliatory transfer, presumably because it was first raised in Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment [11], rather than his Complaint [1].  However, the claim must be addressed before granting summary judgment against Plaintiff, particularly in light of the leniency afforded to pro se litigants.  *See Taylor v. Lantagne*, 418 Fed. Appx. 408, 413 (6th Cir. April 5, 2011) (unpublished) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).

report that Howard explicitly threatened to transfer Plaintiff, it reports Plaintiff's fear that transfer to a distant facility will be Howard's next retaliatory action. Roughly two months later, Plaintiff was transferred to a correctional facility in Michigan's upper peninsula.

The Court holds the aforementioned evidence sufficient to raise a genuine issue of material fact regarding whether Defendants' adverse actions against Plaintiff were taken in retaliation for his protected conduct. In particular, Plaintiff's allegation that Howard threatened to send him to "polar bear country" in retaliation for his next complaint, followed by his transfer to Michigan's northern peninsula two months after his next complaint, is sufficient to shift the burden to Defendants to show that the transfer would have occurred absent Plaintiff's protected conduct. *See Thaddeus-X*, 175 F.3d at 399. The Court acknowledges that the Sixth Circuit has held temporal proximity between a plaintiff's protected conduct and an allegedly retaliatory transfer insufficient *by itself* to establish retaliatory motive. *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001). Here, however, Plaintiff has not only alleged that he was transferred to Michigan's northern peninsula two months after a grievance against Defendant Howard, but also that Howard explicitly threatened to have him transferred to a distant, cold location if he filed another grievance against her.

The timing and the alleged threat together suffice to shift the burden to Defendants to show Plaintiff's transfer would have occurred even if Plaintiff had not filed the relevant grievance. Defendants fail to meet this burden, since they have provided no evidence regarding the reasons for Plaintiff's transfer. *Cf. id.* (stating that even if temporal proximity between protected conduct and transfer shifted burden to defendants, they met their burden because warden testified that plaintiff was transferred due to two incidents of aggressive behavior towards other inmates and staff). In fact, Defendant Howard's affidavit does not address the transfer at all, even to deny that she threatened to have Plaintiff transferred in retaliation for complaints. It is true that Defendants filed their Motion for Summary Judgment [10], along with Howard's affidavit, before Plaintiff first explicitly raised the retaliatory transfer claim. However, Plaintiff filed a grievance against Howard on December 23, 2012, reporting that Howard had threatened him with retaliation and expressing Plaintiff's fear that Howard's next action would be to transfer him to a distant facility. This grievance was attached as an exhibit to Plaintiff's complaint, giving Defendants notice that they would likely be required to provide evidence that the transfer was taken for legitimate reasons. Because they have failed to meet this burden, they are not entitled to summary judgment on Plaintiff's retaliation claim.

### 3.    Qualified Immunity

The prohibition on First Amendment retaliation is clearly established, and a reasonable prison official would know it is illegal to take adverse action against a prisoner in retaliation for complaints.  *See Noble*, 87 F.3d at 162.  Therefore, Defendants are not entitled to qualified immunity on the First Amendment retaliation claim.  *See id.*

### B.    Plaintiff's Due Process Claim

Plaintiff argues that Defendant Randall, who served as the hearing officer on Defendant Howard's allegations that Plaintiff conducted business by telephone, violated Plaintiff's due process rights by imposing a one-year restriction on Plaintiff's use of the telephone without first reviewing the transcripts of the relevant phone conversations or conducting "any" investigation.  Plaintiff invokes substantive due process in arguing this claim.  However, the Court notes that Plaintiff's allegations concerning Randall's failure to properly investigate the allegations before imposing discipline are more consistent with a *procedural* due process claim.  The Court will therefore consider the claim under both varieties of due process, in accord with the leniency afforded pro se litigants.  *See Taylor v. Lantagne*, 418 Fed. Appx. 408, 413 (6th Cir. April 5, 2011) (unpublished) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).

The Court must first decide whether Plaintiff's due process claim is even at issue. The R&R [14] declined to address the claim, stating that Defendants have failed to move for summary judgment on it. However, in his Objections [17], Defendant Randall claims that Defendants' Motion for Summary Judgment [10] addresses the due process claim when arguing that Defendants are entitled to qualified immunity.

The Court concludes that Defendants have moved for summary judgment on the due process claim. It is true that Defendants' discussion of qualified immunity fails to specifically address the due process claim—but it also fails to specifically address the retaliation claim. Moreover, Defendants argue that Plaintiff's state law claim should be dismissed because Plaintiff cannot proceed with *any* federal claim, and further ask the Court to dismiss the entire case. This argument and request would be irrational if Defendants did not intend to defeat the due process claim with their motion. Though Defendants failed to write with clarity, the Court declines to protract litigation of this claim—at cost to Defendants, Plaintiff, and the Court—for that reason alone.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). A district court may decide that a defendant

is entitled to qualified immunity because the relevant law was not clearly established at the time of the defendant's alleged conduct, without deciding whether that conduct actually constitutes a legal violation.  *See id.* at 232, 236.  The Court concludes that Defendant Randall is entitled to qualify immunity on Plaintiff's due process claim regardless of whether it is characterized as substantive or procedural.

"The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions."  *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (quoting *Fillmore v. Ordonez*, 829 F. Supp. 1544, 1563-64 (D. Kan. 1993)).  In light of this vague and forgiving standard, the Court cannot hold that a reasonable official in Randall's position would have known that the imposition of a one-year phone restriction as punishment for conducting business via telephone constituted a violation of Plaintiff's rights.  *See Iswed v. Caruso*, No. 13-1050, 2014 WL 3607770 (6th Cir. July 22, 2014) (unpublished) (affirming grant of qualified immunity for Michigan prison officials who for three years denied plaintiff ability to make international calls, even though all plaintiff's family lived abroad, plaintiff could not communicate with family via mail, and restriction was not imposed as discipline).

Further, Plaintiff's "procedural" argument is essentially that Randall, as hearing officer, had a constitutional duty to conduct a *personal* investigation, including

personal review of the transcripts of Plaintiff's telephone conversations, rather than relying on testimony and evidence presented by Howard.  The Court holds that Randall's failure to do so did not violate clearly established law.  *See Love v. Farley*, 925 F.2d 1464, at *1 (6th Cir. Feb. 11, 1991) (unpublished) ("A prisoner's due process rights during a disciplinary hearing do not include the right to a hearing investigator.").

Because Randall's conduct did not violate clearly established law regarding Plaintiff's substantive or procedural due process rights, Defendant Randall is entitled to qualified immunity on Plaintiff's due process claim.

## C.    Plaintiff's State Law Claim

Plaintiff's final claim is brought against Defendant Randall under the Fair and Just Treatment Clause of the Michigan Constitution.  *See* Mich. Const. 1963 Art. 1, § 17.  Defendants move for summary judgment on Plaintiff's state law claim only on the grounds that because Plaintiff has failed to establish any federal claim, the Court should decline to exercise pendent jurisdiction over the state law claim.[2]  The Court, however, holds that Plaintiff has raised a genuine issue of material fact on his First Amendment retaliation claim.  Because a federal law claim remains and Defendants have provided no argument for granting summary judgment on Plaintiff's state law

---

[2] Defendant Randall does not argue in his Objections [17] that the state law claim, like the federal due process claim, is implicitly included in the qualified immunity argument presented in Defendants' Motion for Summary Judgment [10].  In any case, the Court interprets the qualified immunity argument to apply to the federal due process claim only because there is no other explanation for Defendants' request that the Court dismiss that claim.  That is not the case for the state law claim.

claim while a federal claim remains, the Court holds that Defendants are not entitled to summary judgment on Plaintiff's state law claim.

## IV. Conclusion

For the foregoing reasons, the Court hereby declines to adopt the R&R [14]. The Court holds that Defendants are entitled to summary judgment on Plaintiff's federal due process claim, but they are not entitled to summary judgment on Plaintiff's First Amendment retaliation claim or state law claim.  Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment [10] is **GRANTED IN PART**.  Plaintiff's federal due process claim is **DISMISSED**.

**SO ORDERED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: September 29, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on September 29, 2014, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant